

| | Partners | Founding Partners | Associates | Of Counsel |
|---|---|---|---|---|
| | Daniel Ebenstein | Morton Amster (*1927 - 2019*) | Benjamin Charkow | Philip H. Gottfried |
| | Neil M. Zipkin | Jesse Rothstein (*1934 - 2003*) | Suzue Fujimori | |
| | Anthony F. Lo Cicero | | Hajime Sakai, Ph.D. | |
| | Kenneth P. George | *Senior Counsel* | David P. Goldberg | |
| | Chester Rothstein | Marion P. Metelski | Sandra A. Hudak | |
| | Charles R. Macedo | Alan D. Miller, Ph.D. | Tuvia Rotberg | |
| | Douglas A. Miro | Marc J. Jason | Dexter Chang | |
| | Brian A. Comack | Richard S. Mandaro | Keith J. Barkaus | |
| | Max Vern | Matthieu Hausig | Michael R. Jones | |
| | Holly Pekowsky | Brian Amos, Ph.D. | Christopher Lisiewski | |
| | Benjamin M. Halpern★ | | Albert J. Boardman | |
| | Mark Berkowitz | | | ★ Not admitted in New York |
| | Charles P. LaPolla | | | |

90 Park Avenue
New York NY 10016

Main 212 336 8000
Fax 212 336 8001
Web www.arelaw.com

March 24, 2020

Mark Berkowitz
Direct 212 336 8063
E-mail mberkowitz@arelaw.com

Via ECF

The Honorable Ann M. Donnelly, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Eminah Properties LLC, et al. v. Energizer Holdings, Inc., et al.*,
            Civil Action No. 1:20-cv-00148-AMD-CLP
            <u>Response to Defendants' Request for Pre-Motion Conference</u>

Dear Judge Donnelly:

      We represent Plaintiffs Eminah Properties LLC and My Battery Supplier LLC (collectively, "Plaintiffs") in the above-referenced action. We write in response to Defendants Energizer Holdings, Inc. and Energizer Brands, LLC's (collectively, "Defendants") letter requesting a pre-motion conference concerning a contemplated partial motion to dismiss. (ECF No. 17.) Defendants' request should be denied since their contemplated motion is baseless.

      Early last year, Defendants induced Plaintiffs to enter into an Agreement for the sale of a large quantity of overstock Rayovac-brand rechargeable batteries. Desperate to get these batteries off their books, Defendants, among other things, agreed to establish Plaintiffs as a distributor for Energizer-brand products. Although they accepted over $230K from Plaintiffs, Defendants refused to honor their obligations. Adding insult to injury, Defendants have engaged in a campaign of threats, harassment and defamation against Plaintiffs. Specifically, Defendants have sought to interfere with Plaintiffs' activities on online marketplaces. Among other things, Defendants have filed false and defamatory reports of intellectual property infringement with online marketplaces. The purpose of these reports was to disrupt and damage Plaintiffs' legal right to resell Energizer products.

      **<u>The Complaint States a Claim for Breach of Contract</u>**. "To state a claim for breach of contract under New York law, a plaintiff must allege (1) the existence of an agreement; (2) adequate performance of the contract by plaintiff; (3) breach of the agreement by the defendant; and (4) damages." *Selective Beauty SAS v. Liz Claiborne, Inc.*, No. 09 Civ. 9764 (RMB) (HBP), 2010 U.S. Dist. LEXIS 154890, at *10 (S.D.N.Y. May 26, 2010).[1] A valid contract requires "an

---

[1] All internal quotations omitted herein.

offer, acceptance, consideration, mutual assent and intent to be bound." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 507 (2d Cir. 2009).

Here, the Complaint more than adequately alleges all of the terms needed to form an enforceable contract. With respect to the Rayovac Purchase, the Complaint identifies the quantity, price, and terms of delivery. (*See* Compl. ¶ 28 ("approximately 1,571,000 AA 1350mAh NiMH rechargeable batteries and 784,000 AAA 600mAh NiMH rechargeable batteries"); ¶ 32 ("$0.35 per cell for the AA batteries and $0.29 per cell for the AAA"); ¶ 43 (identifying delivery dates and locations).) With respect to the distribution of Energizer Products, the Complaint likewise identifies the relevant terms, including pricing, product selection and the channels of distribution. (*See id.* ¶ 32.) The Complaint adequately alleges mutual assent and the parties' intent to be bound. (*See id.* ¶¶ 35 & 37 (all parties confirming that they have "a done deal").) The Complaint further details Plaintiffs' performance under the agreement, including making "payments totaling over $230,000." (*Id.* ¶ 38). Defendants partially performed, but ultimately breached by failing to (a) deliver the remaining Rayovac Batteries (*id.* ¶ 44); or (b) open Plaintiffs' distributor account (*id.* ¶ 46), causing damage to Plaintiffs (*id.* ¶¶ 139–40).

Defendants assert "that there is no written agreement alleged in the Complaint and that alone defeats Plaintiffs' claim for breach of contract … under the statute of frauds." (ECF No. 17 at 1.) This argument ignores the e-mails cited in the Complaint, which "constitute signed writings" under New York law. *RCC Ventures, LLC v. Am. DG Energy, Inc.*, No. 17 Civ. 3007 (AJN), 2018 U.S. Dist. LEXIS 45585, at *12 (S.D.N.Y. Mar. 19, 2018). Defendants also argue that the Agreement was "of an indefinite duration." (ECF No. 17 at 1.) But the Agreement is "governed by well-settled New York law which provides that a contract with no stated duration is terminable only after a reasonable duration ...." *Italian & French Wine Co. v. Negociants U.S.A.*, 842 F. Supp. 693, 699 (W.D.N.Y. 1993). The applicable "reasonable duration" is a question of fact.

**<u>The Complaint States a Claim for Fraudulent Inducement</u>**. To plead fraudulent inducement, "a plaintiff must allege: a representation of fact, which is untrue and either known by defendant to be untrue or recklessly made, which is offered to deceive and to induce the other party to act upon it, and which causes injury." *PetEdge, Inc. v. Garg*, 234 F. Supp. 3d 477, 490 (S.D.N.Y. 2017). Pursuant to Rule 9(b), a complaint must specify (1) the fraudulent statements, (2) the speaker, (3) where and when the statements were made, and (4) why the statements were fraudulent. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

Here, the Complaint alleges that Defendants' employees, namely Katie Stein and Krista Garcia, represented (including on May 3, 2019) that Plaintiffs would be set up as distributors, provided that they purchase the Rayovac Overstock. (Compl. ¶ 148.) Garcia further represented this this was a "done deal." (*Id.* ¶ 37.) Based on these representations, which were false, Defendants induced Plaintiffs into purchasing the Rayovac Overstock. (*Id.* ¶¶ 149, 41.) Upon information and belief, Energizer knew that these representations were false at the time that they were made and Defendants had no intention of supplying Energizer Products under the agreed terms. (*Id.* ¶ 152.) As discussed above, Plaintiffs were harmed by Defendants' false representations. Thus, the Complaint states a claim for fraudulent inducement. *See Brook, Weiner, Sered, Kreger, & Weinberg v. Coreq, Inc.*, No. 91 C 7955, 1994 U.S. Dist. LEXIS 11401, at *12 (N.D. Ill. Aug. 3, 1994) ("alleged statement that the agreement was a 'done deal'

may constitute a knowing misrepresentation of a material fact").

**The Complaint States a Claim, in the Alternative, for Unjust Enrichment.** To prove unjust enrichment, "a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). The Complaint alleges that Defendants accepted over $230,000 towards the Agreement, which required Defendants, *inter alia*, to "furnish the agreed Rayovac Overstock and ... open Eminah's distributor account." (Compl. ¶ 145). Defendants repeatedly acknowledged that they had benefited at Plaintiffs' expense. (*See id.* ¶ 41 ("[w]e really appreciate ... all you have done to assist with our rechargeable battery excess stock position."). Plaintiffs made clear that they would incur expenses under the Agreement, including, e.g., "hir[ing] additional staff and pass[ing] on other business opportunities." (*Id.* ¶ 36). Plaintiffs should be permitted to proceed on this quasi-contract claim.[2]

**The Complaint Sufficiently Pleads Counts VI–X Concerning the False eBay Reports**. Defendants' remaining arguments are also meritless. As Defendants acknowledge, the Complaint asserts claims of unfair competition, tortious interference, defamation, and trade libel based on Energizer's false reports to eBay alleging that Plaintiffs' listings were infringing Energizer's intellectual property rights. In arguing that these claims were not adequately pled, Defendants ignore allegations in the Complaint in favor of their own self-serving presumptions.

For example, with respect to the unfair competition claims, Defendants argue that their false eBay reports could not have been "disseminated sufficiently to the relevant purchasing public" because the reports were sent to eBay and not published to consumers. (ECF No. 17 at 3.) This is a factual issue not amenable to determination at the pleading stage. *See Mobius Mgmt. Sys., Inc. v. Fourth Dimension Software, Inc.*, 880 F. Supp. 1005, 1020–21 (S.D.N.Y. 1994) (single letter was sufficient dissemination because "tainting the goodwill of plaintiff with one purchaser could easily affect another purchaser's view"). Defendants admit that the Complaint alleges that Defendants' reports "are likely to deceive and confuse the public," but call this allegation conclusory while ignoring the Complaint's allegation that the relevant public is "eBay's marketplace users." (Compl. ¶ 178.) Indeed, those eBay users see the effects of false reports when the listings are removed. (*Id.* ¶¶ 179–80.)[3]

With respect to the remaining state law claims, the Complaint adequately alleges their respective elements. Defendants characterize their reports as relating only to a "small selection" of Plaintiffs' listings in an attempt to downplay their knowingly false reports made in bad faith to intentionally harm Plaintiffs. (*See, e.g.*, Compl. ¶¶ 79–88, 115–16, 122–24, 126, 128–32.) But the direct effect of an improperly submitted takedown notice on an e-commerce platform is significant. The history between the parties detailed in the Complaint, including that the fact that these reports were submitted just days after Energizer intentionally breached its Agreement with Plaintiffs, further supports Plaintiffs' allegations. (*Id.* ¶ 108.)

---

[2] Rule 8(d) permits parties to plead claims in the alternative. *Unique Photo, Inc. v. Vormittag Assocs.*, No. CV 08-2682, 2010 U.S. Dist. LEXIS 110543, at *19 (E.D.N.Y. Aug. 27, 2010).

[3] eBay educates its users that removals occur due to a request from the rights owner. *See, e.g.*, www.ebay.com/help/selling/listings/creating-managing-listings/removed-listings?id=4656.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

*s/ Mark Berkowitz*

Mark Berkowitz

cc: All Counsel of Record (via ECF)